UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| **IN RE** | : | **CASE NO. 15-50748** |
| | : | |
| **HARVEST OIL & GAS, LLC, *ET AL*[1]** | : | **CHAPTER 11** |
| | : | |
| **DEBTORS.** | : | **JOINTLY ADMINISTERED** |

**MOTION FOR INTERIM AND FINAL ORDERS: (A) PROHIBITING UTILITIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICES TO, OR DISCRIMINATING AGAINST, THE DEBTORS ON ACCOUNT OF PREPETITION AMOUNTS DUE; (B) ESTABLISHING PROCEDURES FOR ADEQUATE ASSURANCE FOR DETERMINING REQUESTS**

**NOW INTO COURT**, through undersigned counsel, come Harvest Oil & Gas, LLC, Saratoga Resources, Inc., The Harvest Group LLC, Lobo Operating, Inc., and Lobo Resources, Inc. each a Debtor and Debtor-in-Possession (collectively, the "Debtors"), and file this *Motion for Order (A) Prohibiting Utilities from Altering, Refusing or Discontinuing Services to, or Discriminating Against, the Debtors on Account of Prepetition Amounts Due; and (B) Establishing Procedures for Adequate Assurance for Determining Requests* (the "Motion") and in support thereof respectfully show unto the Court the following:

**Jurisdiction**

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

[1] Saratoga Resources, Inc. (15-50749); The Harvest Group LLC (15-50750); LOBO Operating, Inc. (15-70751); and LOBO Resources, Inc. (15-50752) are being jointly administered with Harvest Oil & Gas, LLC (15-50748) pursuant to a court order [P-4] entered on June 19, 2015.

{00346689-2}

## Background

2. On June 18, 2015 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (11 U.S.C. §§ 101 *et seq*., the "Bankruptcy Code").

3. The Debtors remain in possession of their property and are managing their businesses as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

4. No trustee has been appointed and no official committee has been established in these cases.

5. This Court is referred to the *Debtors' Emergency Motion for Order Under Fed. R. Bankr. P. 1015(b) Directing Joint Administration of Chapter 11 Cases* [P-3] ("Joint Administration Motion") for a detailed discussion of the factual background and circumstances surrounding the Debtors' commencement of these chapter 11 cases. Capitalized terms not defined herein are as defined in the Joint Administration Motion.

## Relief Requested

6. Pursuant to section 366(a) of the Bankruptcy Code, the Debtors hereby seek entry of an interim order ("Interim Order") (a) prohibiting their prepetition providers of utility services (collectively, the "Utility Companies") from altering, refusing, or discontinuing services on account of prepetition amounts due, pending entry of a final order granting the relief requested herein ("Final Order"), (b) establishing procedures for determining requests for adequate assurance of future performance, and (c) scheduling a final hearing on the Motion ("Final Hearing") within thirty (30) days of the Petition Date.

## **The Utility Companies**

7. The Debtors currently use electric, natural gas, heat, water, sewer, phone and other similar services provided by multiple Utility Companies, including the Utility Companies identified on the attached Exhibit A (the "Utility Service List").[2]

8. Uninterrupted utility service is essential to the Debtors' ongoing operations and, therefore, to the success of the Debtors' reorganization. The Debtors could not operate the business in the absence of continuous utility service. Should any Utility Company refuse or discontinue service, even for a brief period of time, the Debtors may be forced to cease its operations, resulting in a substantial disruption of their business and loss of revenue. The temporary or permanent discontinuation of utility services could irreparably harm the Debtors' business and jeopardize the Debtors' reorganization efforts.

9. The Debtors intend to pay postpetition obligations to the Utility Companies timely. The Debtors will make these payments from its cash reserves as of the Petition Date and cash generated through their continued operations.[3]

## **Adequate Assurance of Payment**

10. Pursuant to section 366(c)(2) of the Bankruptcy Code, a utility may alter, refuse or discontinue a chapter 11 debtor's utility service if the utility does not receive from the debtor

---

[2] The Debtors have made an extensive and good faith effort to identify all Utility Companies and include them on the Utility Service List. For each Utility Company, the Utility Service List presently identifies: the name and address of the Utility Company and the account numbers under which the Utility Company provides services to the Debtors. The inclusion of any entity on, or any omission of any entity from, the Utility Service List is not an admission by the Debtors that such entity is or is not a utility within the meaning of section 366 of the Bankruptcy Code, and the Debtors reserve their rights with respect thereto. In addition, the Debtors are requesting that this Motion apply to all of the Debtors' Utility Companies, whether or not any given Utility Company is included on the Utility Service List. The Debtors have proposed a procedure for supplementing the Utility Service List. Additionally, it is possible that certain entities may have been mistakenly included on the Utility Service List and, therefore, the Debtors reserve the right to assert that any such entities are not Utility Companies for the purposes of this Motion or section 366 of the Bankruptcy Code.

[3] Concurrently with the filing of this Motion, the Debtors have filed a motion for authority to use cash collateral.

or the trustee adequate "assurance of payment" within thirty (30) days of the commencement of the debtor's chapter 11 case.[4]

11. The Debtors have historically paid their Utility Companies on a regular and timely basis. As of the Petition Date, the Debtors believe they were current with all Utility Companies, except to the extent that (i) the Debtors have not yet been billed for prepetition utility services, (ii) the Debtors had been billed by payment for such services was not yet due, or (iii) checks have been written but have not yet cleared the Debtors' bank accounts. Therefore, any Utility Company requesting a deposit is doing so in accordance with a *per se* policy followed when one of its customers files a petition under the bankruptcy Code, rather than as a result of a perceived need for additional adequate assurance of payment.

12. Moreover, the Debtors' ongoing operations will provide them with sufficient available funds to pay all postpetition utility charges on a current basis. Thus, the Debtors will continue their customary practice of paying their bills as they become due.

13. The Utility Companies are further protected by the fact that, under section 503(b)(1)(A) of the Bankruptcy Code, any postpetition utility charges constitute actual and necessary expenses of preserving the Debtors' estates, entitling the Utility Companies to an administrative expense priority under section 507(a)(1) of the Bankruptcy Code.

---

[4] There is an apparent discrepancy between subsections (b) and (c) of section 366 of the Bankruptcy Code because these two subsections set forth different time periods during which a utility is prohibited from altering, refusing or discontinuing utility service. Specifically, section 366(b) of the Bankruptcy Code allows a utility to alter, refuse or discontinue service "if neither the trustee nor the debtor, within twenty days after the date of the order for relief, furnishes adequate assurance of payment," while section 366(c)(2) of the Bankruptcy Code allows a utility in "a case filed under chapter 11" to alter, refuse or discontinue service to a chapter 11 debtor "if during the thirty-day period beginning on the date of the filing of the petition, the utility does not receive from the debtor or the trustee adequate assurance of payment for utility service…".

Under the statutory construction canon *lex specialis derogate legi generali* ("specific language controls over general"), the language of section 366(c)(2) controls here because the Debtors are chapter 11 debtors. *See* 3 *Collier on Bankruptcy*.¶ 366.03[2] (Alan N. Resnick & Henry J. Sommer eds., 15th ed. Rev. 2006) ("it is unclear how the 30-day period [in section 366(c)(2) of the Bankruptcy Code] meshes with the normal twenty-day period in section 366(b). The better view is that, because section 366(c) is more specifically applicable to chapter 11 cases, the thirty-day period in section 366(b), should apply.")

14. Accordingly, the Utility Companies will not be prejudiced if they continue to furnish without interruption the same services rendered in the past to the Debtors. The Debtors are current on all payment obligations to the Utility Companies. The Debtors' ability to pay for post-Petition Date utility services on a current basis, and the Utility Companies' entitlement to an administrative expense claim, collectively, provide the Utility Companies with adequate assurance within the meaning of section 366 without the need for the Debtors to provide additional assurances of future payment in the form of deposits or other security.

15. Accordingly, for the reasons stated above, the Debtors request that the Court enter interim and final orders: (a) prohibiting the Utility Companies from altering, refusing or discontinuing services on account of prepetition amounts due, and (b) establishing procedures for determining requests for additional adequate assurance.

16. The Debtors propose to mail a copy of the Interim Order granting this Motion to all of the Utility Companies within two (2) business days of its entry. If a Utility Company requests additional adequate assurance within fifteen (15) days of the date the Order is entered, and the Debtors believe such request is unreasonable, the Debtors shall file a motion for determination of adequate assurance of payment and set such motion at the Final Hearing (defined below) ("Determination Hearing"). Pending the resolution of any such Determination Hearing, the Utility Companies shall be deemed to have adequate assurance of payment until an order of the Court is entered in connection with the Determination Hearing.

**Authority for the Requested Relief**

17. The relief requested herein is supported by applicable law. Section 366(a) of the Bankruptcy Code provides:

> a. Except as provided in subsection (b) of this section, a utility may not alter, refuse, or discontinue service to, or discriminate against, the trustee or the

debtor solely on the basis of the commencement of a case under this title or that a debt owed by the debtor to such utility for service rendered before the order for relief was not paid when due.

18. Whether a utility company is subject to an unreasonable risk of nonpayment for postpetition services and is, therefore, entitled to receive a new deposit must be determined from the facts and circumstances of each case. *See Massachusetts Elec. Co. v. Kevdata Corp. (In re Kevdata Corp.*, 12 B.R. 156 (Bankr. 1st Cir. 1981). Generally, it is recognized that absent a prepetition default, Bankruptcy Code section 366(b) does not require a debtor to make deposits to utilities as a form of adequate assurance. *In re Pacific Gas & Electric Co.*, 271 B.R. 626, 644 (Bankr. N.D.Cal. 2002); *In re Caldor, Inc.*, 199 B.R. 1 (Bankr. S.D.N.Y. 1996), *aff'd* 117 F.3d 146 (2d Cir. 1997); *In re Heard*, 84 B.R. 454 (Bankr. W.D.Tex. 1987). The legislative history underlying section 366 unequivocally supports the conclusion that "[i]t will not be necessary to have a deposit in every case" to provide adequate assurance. H.R.Rep. No. 595, 95th Cong., Sess. at 350 (1977), reprinted in 1978 U.S.C.C.A.N. 5787, 6306; *see also In re Shirey*, 25 B.R. 247, 249 (Bankr. E.D.Pa. 1982) ("Section 366(b) of the Code does not permit a utility to request adequate assurance of payment for continued services unless there has been a default by the debtor on a prepetition debt owed for services rendered").

19. Additionally, the Court has the authority to grant the relief requested herein pursuant to Bankruptcy Code section 105(a), which empowers it to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. §105(a).

20. Similar relief has been granted in this district and other districts decided under amended section 366 of the Bankruptcy Code. *See In re Harvest Oil & Gas, LLC, et al*, 09-50397 (Bankr. W.D.La. Order dated May 12, 2009); *In re Tri-Union Development Corp.*, Case

No. 00-32498 (S.D.Tex. Order dated March 29, 2000); *In re TransTexas Gas Corp., et al.,* Case No. 99-21550 (S.D.Tex. Order dated April 21, 1990). The Debtors submit that granting the relief requested herein will not prejudice the rights of the Utility Companies under section 366 of the Bankruptcy Code.

**Subsequent Modifications of Utility Service List**

21. It is possible that, despite the Debtors' efforts, certain Utility Companies have not been identified by the Debtors or included on the Utility Service List. To the extent that the Debtors identify additional Utility Companies, the Debtors will file amendments to the Utility Service List, and shall serve copies of the Interim Order and Final Order (when and if entered) on such newly-identified Utility Companies. The Debtors request that the Interim and Final Orders be binding on all Utility Companies, subject to their rights to the proposed adequate assurance and to request additional adequate assurance, regardless of when any given Utility Company was included on the Utility Service List.

**Request for Final Hearing**

22. To resolve any objections to this Motion or motions for determination of adequate assurance of payment within thirty (30) days of the Petition Date, the Debtors request that the Court schedule the Final Hearing on any unresolved objections or motions for determination of adequate assurance of payment approximately twenty-five (25) days after the Petition Date.

**Notice**

23. Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) the Debtors and their counsel; (iii) any party whose interests are directly affected by a specific pleading; (iv) those persons who have formally appeared and requested notice and service in this proceeding pursuant to Bankruptcy Rules 2002; (v) counsel for and the members

of any official committees appointed by this Court; (vi) The Bank of New York Mellon Trust Company, N.A. (as administrative agent on behalf of the First Noteholders) through their counsel; (vii) The Bank of New York Mellon Trust Company, N.A. (as administrative agent on behalf of Second Noteholders) through their counsel; (viii) the Majority Noteholders through their counsel; (ix) the twenty (20) largest unsecured creditors of the Debtors on a consolidated basis; (x) the Securities and Exchange Commission, and (xi) governmental agencies having a regulatory or statutory interest in these cases; and (xii) all Utility Companies listed on Exhibit A. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

## No Prior Request

24.     No prior request for the relief sought in this Motion has been made to this or any other Court.

**WHEREFORE**, the Debtors respectfully request that the Court (a) enter the Interim Order granting the relief requested herein, which shall become a Final Order as to any Utility Company that does not timely request additional adequate assurance; and (b) grant such other and further relief to the Debtors as the Court may deem proper.

Dated: June 19, 2015.

Respectfully submitted,

*/s/ Tristan E. Manthey*

William H. Patrick, III (La. Bar No. 10359)
Tristan E. Manthey, (La. Bar No. 24539)
Cherie Dessauer Nobles, (La. Bar No. 30476)
**Heller, Draper, Patrick, Horn & Dabney, L.L.C.**
650 Poydras Street, Suite 2500
New Orleans, Louisiana 70130-6175
Telephone: 504-299-3300
Facsimile: 504-299-3399
**Proposed Counsel for Debtors**

Louis Phillips (La. Bar No. 10505)
**Gordon, Arata, McCollam, Duplantis & Eagan, LLC**
301 Main Street, Suite 1600
Baton Rouge, Louisiana 70801-1916
Telephone: 225-381-9643
Direct Phone: 225-338-5308
Facsimile: 225-336-9763
**Proposed Counsel for Debtors**

**EXHIBIT A**

**UTILITY SERVICE LIST**

| | |
|---|---|
| Cleco Power LLC<br>c/o its Registered Agent<br>Mark D. Pearce<br>2030 Donahue Ferry Rd.<br>Pineville, LA 71360 | Account Nos.<br>1000808723002<br>5000808721002 |
| Cleco Power LLC<br>c/o its Registered Agent<br>Michael W. Joseph<br>2030 Donahue Ferry Rd.<br>Pineville, LA 71360 | |
| Entergy Louisiana, LLC<br>PO Box 8108<br>Baton Rouge, LA 70891-8108 | Account No.<br>80936610 |
| Entergy Louisiana, LLC<br>c/o its Registered Agent<br>John A. Braymer<br>639 Loyola Ave., 26th Floor<br>New Orleans, LA 70113 | |
| AT&T<br>PO Box 105262<br>Atlanta, GA 30348-5262 | Account No.<br>985-809-9292 011 0468 |
| AT&T Corp<br>c/o its Registered Agent<br>CT Corporation System<br>5615 Corporate Blvd., Ste. 400B<br>Baton Rouge, LA 70808 | |
| AT&T Corp<br>c/o its Registered Agent<br>Jacquelyne Flemming<br>AT&T Services, inc.<br>1120 20th Street NW, Ste. 1000<br>Washington DC 20036 | |

| | | |
|---|---|---|
| R G Telephone Service<br>c/o its Registered Agent<br>Robert E. Gauci<br>20034 Chandler<br>Covington, LA 70435 | Account No.<br>None | Via facsimile No.<br>985-893-9729 |
| Cypress Communications, LLC<br>PO Box 77099<br>Cleveland, OH 44194-7099 | Account No. 736H17035-05H17013 | |
| Cypress Communications, LLC<br>c/o its Registered Agent<br>Incorp Services, Inc.<br>3867 Plaza Tower Dr., 1st Floor<br>Baton Rouge, LA 70816 | | |
| Utilities, Inc. of Louisiana<br>PO Box 11025<br>Lewiston, ME 04243-9476 | Account No. 6282110000 | |
| Utilities, Inc. of Louisiana<br>c/o Debra A. Plumb<br>2335 Sanders Rd.<br>Northbrook , IL 60062 | | |
| Utilities, Inc. of Louisiana<br>c/o its Registered Agent<br>Corporation Service Company<br>320 Somerulos St.<br>Baton Rouge, LA 70802-6129 | | |