IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| HARVEST OIL & GAS, LLC, *et al.*,[1] | § | Case No. 15-50748 |
| | § | |
| Debtors. | § | Jointly Administered |
| | § | |

**OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS' SUPPLEMENTAL
OBJECTION TO CASH COLLATERAL MOTION**

The Official Committee of Equity Security Holders (the "***Equity Committee***") hereby files this *Supplemental Objection* (the "***Objection***") to the Debtors' *Emergency Motion for Entry of Order Pursuant to Sections 361 and 363 of the Bankruptcy Code and Bankruptcy Rule 4001 for Interim and Final Orders: (1) Authorizing Use of Cash Collateral; (2) Granting Adequate Protection; (3) Modifying the Automatic Stay; (4) Scheduling and Approving the Method of Notice for the Final Hearing; and (5) Providing Related Relief* [Docket No. 19] (the "***Cash Collateral Motion***"),[2] and respectfully represents as follows:

**I.
BANKRUPTCY PROCEEDINGS**

1. On June 19, 2015, the Debtors filed their Cash Collateral Motion. The Cash Collateral Motion, among other things, seeks authorization to use cash collateral on a final basis.

2. On July 14, 2015, the Ad Hoc Committee of Equity Security Holders (the "***Ad Hoc Committee***") filed its *Objection* [Docket No. 190] (the "***Ad Hoc Committee Objection***") to the Cash Collateral Motion.

---

[1] The "***Debtors***" in these chapter 11 cases, and the last four digits of their federal tax identification numbers, are: Saratoga Resources, Inc. (15-50749); The Harvest Group LLC (15-50750); LOBO Operating, Inc. (15-70751); and LOBO Resources, Inc. (15-50752). The Debtors' cases are being jointly administered with Harvest Oil & Gas, LLC (15-50748) pursuant to a court order entered on June 19, 2015. *See* Docket No. 4.

[2] Capitalized terms not defined herein shall have the meaning ascribed in the Cash Collateral Motion.

3. On August 3, 2015, this Court entered an order [Docket No. 226] directing the U.S. Trustee to appoint an Official Committee of Equity Security Holders. On August 11, 2015, the U.S. Trustee appointed that committee. *See* Docket No. 290.

4. On August 28, 2015, the Equity Committee filed its *Joinder* to the Ad Hoc Committee Objection (the "***Joinder***") adopting the objections and arguments contained in the Ad Hoc Committee Objection. *See* Docket No. 354.

## II.
## SUPPLEMENTAL OBJECTION

5. This Objection incorporates by reference all objections made in the Ad Hoc Committee Objection and adopted through the Joinder. In addition to the issues raised by the Ad Hoc Committee Objection, the Equity Committee supplements with the following additional objections to the Cash Collateral Motion:

- Paragraph 24 of the Interim Order applies the "Challenge Period" to the proposed release of the so-called "lender liability" claims or defenses as set forth therein. Such claims or defenses constitute assets of the Debtors' estates and should not be released by a final order granting usage of cash collateral nor should they be subject to the accelerated "Challenge Period Termination Date." Interim Order, ¶¶ 12, 24. Accordingly, the ordinary statutes of limitations and/or repose applicable to such claims or defenses should remain in effect. There is no justification for granting such a release to the Secured Lenders in conjunction with use of cash collateral.[3]

- Paragraph 18(iii) of the Interim Order provides that the Debtors' cash-collateral usage terminates only five (5) days after the date the Majority First Lien Noteholders provide

---

[3] As the Equity Committee has apprised the court in the Ad Hoc Committee Objection, the Secured Lenders have wielded a heavy hand pre-bankruptcy in orchestrating the current corporate governance structure of the Debtors. Unquestionably, the propriety of the Secured Lenders' actions should be the subject of further investigation.

**EQUITY COMMITTEE'S SUPPLEMENTAL OBJECTION TO CASH COLLATERAL MOTION – Page 2**

written notice of a default under the Interim Order. Interim Order, ¶ 19. This notice period should be, at a minimum, ten (10) days to provide the Debtors time to cure any alleged defaults, negotiate a resolution, or obtain from this Court permission to use cash collateral on a non-consensual basis.

- Paragraph 18(xiv) of the Interim Order provides that a "Termination Event" is the entry of an order granting relief from the automatic stay "to permit foreclosure on any asset of the Debtors with a value in excess of $10,000." *See* Interim Order at ¶ 18(xiv). Given the value of the Debtors' overall business enterprise, the $10,000 is relatively immaterial to the potentially dire consequences of a "Termination Event." This provision should be stricken or, at a minimum, modified to a material amount (e.g. $1 million).

WHEREFORE, the Equity Committee requests this Court enter an order (a) sustaining the Ad Hoc Committee Objection as supplemented by this Objection, (b) denying the relief requested in the Cash Collateral Motion as currently proposed, and (c) granting any such other and further relief that is just and proper.

*[Signatures to follow]*

DATED: September 16, 2015        Respectfully submitted by:

        Joseph P. Hebert [LA 6734; TX 00789095]
        **LISKOW & LEWIS**
        822 Harding Street
        Lafayette, Louisiana 70503
        Telephone: 337.272.7424
        Facsimile: 337.267.2398
        jphebert@liskow.com

        and

        */s/ Michael S. Haynes*
        Holland N. O'Neil (TX 14864700 *admitted Pro Hac Vice*)
        Stephen A. McCartin (TX 13374700 *admitted Pro Hac Vice*)
        Michael S. Haynes (TX 24050735 *admitted Pro Hac Vice*)
        **GARDERE WYNNE SEWELL LLP**
        1601 Elm Street, Suite 3000
        Dallas, Texas 75201-4761
        Telephone: 214.999.3000
        Facsimile: 214.999.4667
        honeil@gardere.com
        smccartin@gardere.com
        mhaynes@gardere.com

        **PROPOSED COUNSEL FOR OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS**

## CERTIFICATE OF SERVICE

    I hereby certify that, on September 16, 2015, a true and correct copy of the foregoing Objection has been filed electronically with the Clerk of Court using the CM/ECF system and notice of this filing sent to all parties or counsel of record who have registered to receive electronic service by operation of the Court's electronic filing system.

    Dallas, Texas, this 16th day of September, 2015.

        */s/ Michael S. Haynes*
        Michael S. Haynes