UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| IN RE | : | CASE NO. 15-50748 |
| | : | |
| HARVEST OIL & GAS, LLC, *ET AL*[1] | : | CHAPTER 11 |
| | : | |
| DEBTORS. | : | JOINTLY ADMINISTERED |

## STIPULATION REGARDING EXTENSION OF USE OF CASH COLLATERAL

**WHEREAS**, on June 19, 2015, Harvest Oil and Gas, LLC, Saratoga Resources, Inc., The Harvest Group LLC, Lobo Operating, Inc. and Lobo Resources, Inc., as debtors and debtors-in-possession (collectively, the "Debtors") filed an *Emergency Motion for Entry of Order Pursuant to Sections 361 and 363 of the Bankruptcy Code and Bankruptcy Rule 4001 for Interim and Final Orders: (1) Authorizing Use of Cash Collateral; (2) Granting Adequate Protection; (3) Modifying the Automatic Stay; (4) Scheduling and Approving the Method of Notice for Final Hearing; and (5) Providing Related Relief* [P-19] ("Cash Collateral Motion");

**WHEREAS**, on June 24, 2015, the Court entered the *Cash Collateral Order* [P-39], authorizing the Debtors to use Cash Collateral[2] to pay their ongoing operating and administrative expenses (as detailed in a budget) on an interim basis until a final hearing;

**WHEREAS**, on September 21, 2015, the Court entered the *Final Cash Collateral Order* [P-481] ("Final CCO"), authorizing the Debtors' use of Cash Collateral through October 30, 2015;

**WHEREAS**, Section 28 of the Final CCO provides, in relevant part:

Except as otherwise provided herein, and without prejudice to the Debtors' rights to seek non-consensual use of Cash Collateral upon any Termination Date, the Debtors irrevocably waive any right to seek any amendment, modification, or

---

[1] Saratoga Resources, Inc. (15-50749); The Harvest Group LLC (15-50750); LOBO Operating, Inc. (15-70751); and LOBO Resources, Inc. (15-50752) are being jointly administered with Harvest Oil & Gas, LLC (15-50748) pursuant to a court order [P-4] entered on June 19, 2015.

[2] Capitalized terms not defined herein are as defined in the Final CCO (defined herein).

extension of the Interim Order or this Order without the prior written consent of the Majority First Lien Noteholders, and no such consent shall be implied by any other action, inaction, or acquiescence of any of the Trustees or the Prepetition Secured Parties.

*See* Final CCO at ¶ 28;

**WHEREAS**, Section 17(a) of the Final CCO provides:

17. <u>Supplemental Approved Budget</u>.

(a) In the event the Debtors and the Majority First Lien Noteholders fail to agree on a supplemental budget for a possible extension of the effect of this Order and the consensual use of Cash Collateral beyond the Termination Date as set forth in this Order, the Debtors' right to use Cash Collateral shall terminate without prejudice to the rights of the Debtors to seek the non-consensual use of Cash Collateral and any objections thereto.

*See* Final CCO at ¶ 17;

**WHEREAS**, Sections 19(i) and (ii) of the Final CCO provide:

19. <u>Termination of Cash Collateral Usage</u>. A termination event under this Order shall occur upon the occurrence of any of the following (each a "Termination Event"):

(i) October 30, 2015, unless extended by the Majority First Lien Noteholders, in their sole discretion;

(ii) Upon the expiration of the term of the Approved Budget, unless a supplemental approved budget has been agreed upon by the Debtors and the Majority First Lien Noteholders, in their sole discretion….

*See* Final CCO at ¶ 19.

**WHEREAS**, on October 30, 2015, the Debtors and Majority First Lien Noteholders entered into the *Stipulation Regarding Extension of Use of Cash Collateral* [P-551], pursuant to which the Majority First Lien Noteholders agreed to extend the term of the Debtors' use of Cash Collateral through November 9, 2015;

**WHEREAS**, on November 9, 2015, the Debtors and Majority First Lien Noteholders entered into the *Stipulation Regarding Extension of Use of Cash Collateral* [P-567], pursuant to

which the Majority First Lien Noteholders agreed to extend the term of the Debtors' use of Cash Collateral through November 20, 2015;

**WHEREAS**, on November 20, 2015, the Debtors and Majority First Lien Noteholders entered into the *Stipulation Regarding Extension of Use of Cash Collateral* [P-577], pursuant to which the Majority First Lien Noteholders agreed to extend the term of the Debtors' use of Cash Collateral through December 4, 2015;

**WHEREAS**, on December 4, 2015, the Debtors and Majority First Lien Noteholders entered into the *Stipulation Regarding Extension of Use of Cash Collateral* [P-606], pursuant to which the Majority First Lien Noteholders agreed to extend the term of the Debtors' use of Cash Collateral through December 18, 2015;

**WHEREAS**, on December 18, 2015, the Debtors and Majority First Lien Noteholders entered into the *Stipulation Regarding Extension of Use of Cash Collateral* [P-661], pursuant to which the Majority First Lien Noteholders agreed to extend the term of the Debtors' use of Cash Collateral through January 1, 2016;

**WHEREAS**, on December 31, 2015, the Debtors and Majority First Lien Noteholders entered into the *Stipulation Regarding Extension of Use of Cash Collateral* [P-693], pursuant to which the Majority First Lien Noteholders agreed to extend the term of the Debtors' use of Cash Collateral through January 8, 2016;

**WHEREAS**, on January 8, 2016, the Debtors and Majority First Lien Noteholders entered into the *Stipulation Regarding Extension of Use of Cash Collateral* [P-712], pursuant to which the Majority First Lien Noteholders agreed to extend the term of the Debtors' use of Cash Collateral through January 22, 2016;

**WHEREAS**, on January 26, 2016, the Debtors and Majority First Lien Noteholders entered into the *Stipulation Regarding Extension of Use of Cash Collateral* [P-731], pursuant to which the Majority First Lien Noteholders agreed to extend the term of the Debtors' use of Cash Collateral through February 5, 2016;

**WHEREAS**, on February 10, 2016, the Debtors and Majority First Lien Noteholders entered into the *Stipulation Regarding Extension of Use of Cash Collateral* [P-745], pursuant to which the Majority First Lien Noteholders agreed to extend the term of the Debtors' use of Cash Collateral through February 19, 2016; and

**WHEREAS**, on February 24, 2016, the Debtors and Majority First Lien Noteholders entered into the *Stipulation Regarding Extension of Use of Cash Collateral* [P-756], pursuant to which the Majority First Lien Noteholders agreed to extend the term of the Debtors' use of Cash Collateral through March 4, 2016.

**NOW, THEREFORE, THE DEBTORS AND THE MAJORITY FIRST LIEN NOTEHOLDERS DO HEREBY STIPULATE AS FOLLOWS WITH RESPECT TO THE MATTERS SET FORTH IN THIS STIPULATION**:

1. The Debtors and the Majority First Lien Noteholders have agreed to extend the term of the Debtors' use of Cash Collateral through March 18, 2016 in accordance with the Approved Budget attached hereto as Exhibit "1" and on the same terms and conditions as provided in the Final Cash CCO. Accordingly, paragraph 19(i) of the Final CCO is revised to state as follows:

> 19. <u>Termination of Cash Collateral Usage</u>. A termination event under this Order shall occur upon the occurrence of any of the following (each a "Termination Event"):
>
> (i) March 18, 2016, unless extended by the Majority First Lien Noteholders, in their sole discretion….

2. For purposes of the Carve Out under the Final CCO, the actual fees and expenses of Heller, Draper, Patrick, Horn & Dabney, L.L.C., Gordon, Arata, McCollam, Duplantis & Eagan, LLC (for December 2015) and Kelly Hart & Petrie, bankruptcy counsel for the Debtors, and Lugenbuhl, Wheaton, Peck, Rankin & Hubbard, bankruptcy counsel for the Unsecured Creditors Committee, incurred during the months of December 2015, January 2016, February 2016, March 2016 and April 2016 prior to the expiration of any Remedies Notice Period shall constitute "expenditures authorized or made" pursuant to Paragraph 24(A)(i) of the Final CCO, whether or not paid, to the extent allowed by the Bankruptcy Court, whether by interim order, procedural order or otherwise.

3. The terms and conditions of the Final CCO shall remain in full force and effect as modified by this Stipulation.

Dated: March 8, 2016

**Stipulated and Agreed to by:**

| | |
|---|---|
| */s/ William H. Patrick, III* <br> **Heller, Draper, Patrick, Horn & Dabney, L.L.C.** <br> William H. Patrick, III ( Bar No. 10359) <br> Cherie Dessauer Nobles, (La. Bar No. 30476) <br> 650 Poydras Street, Suite 2500 <br> New Orleans, Louisiana 70130-6175 <br> Telephone: (504) 299-3300 <br> Facsimile: (504) 299-3399 <br> wpatrick@hellerdraper.com <br> cnobles@hellerdraper.com | */s/ Mark A. Mintz* <br> R. Patrick Vance (La. Bar No. 13008) <br> Mark A. Mintz (La. Bar No. 31878) <br> **Jones Walker LLP** <br> 201 St. Charles Ave., 49th Floor <br> New Orleans, Louisiana 70170 <br> Telephone: 504-582-8368 <br> Facsimile: 504-589-8368 <br> pvance@joneswalker.com <br> mmintz@joneswalker.com <br><br> *Counsel to Majority First Lien Noteholders* |

| | |
|---|---|
| **KELLY HART & PITRE**<br><br>**Louis M. Phillips (#10505)**<br>**Peter A. Kopfinger (#20104)**<br>One American Place<br>301 Main Street, Suite 1600<br>Baton Rouge, LA 70801-1916<br>Telephone: (225) 381-9643<br>Facsimile: (225) 336-9763<br>Email: louis.phillips@kellyhart.com<br>Email: peter.kopfinger@kellyhart.com<br><br>AND<br><br><br>**Patrick (Rick) M. Shelby (#31963)**<br>400 Poydras Street, Suite 1812<br>New Orleans, LA 70130<br>Telephone: (504) 522-1812<br>Facsimile: (504) 522-1813<br>Email: rick.shelby@kellyhart.com<br><br><br>*Attorneys for the Debtors* | |