UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| IN RE | : | CASE NO. 15-50748 |
| | : | |
| HARVEST OIL & GAS, LLC, *ET AL*[1] | : | CHAPTER 11 |
| | : | |
| DEBTORS. | : | JOINTLY ADMINISTERED |

**FOURTH MOTION FOR AN ORDER EXTENDING THE TIME PERIODS
WITHIN WHICH THE DEBTORS HAVE THE EXCLUSIVE
RIGHT TO FILE A PLAN OF REORGANIZATION AND TO OBTAIN
ACCEPTANCES OF A PLAN OF REORGANIZATION**

**NOW INTO COURT,** through undersigned counsel, come Harvest Oil and Gas, LLC, Saratoga Resources, Inc., The Harvest Group LLC, Lobo Operating, Inc. and Lobo Resources, Inc., as debtors and debtors-in-possession (collectively, the "Debtors" or "Company"), who respectfully move this Court for an extension of the exclusive periods in which a plan of reorganization may be filed and acceptances of a plan of reorganization may be obtained (the "Motion to Extend Exclusivity") pursuant to section 1121(d) of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). In support of the Motion to Extend Exclusivity, the Debtors aver:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

---

[1] Saratoga Resources, Inc. (15-50749); The Harvest Group LLC (15-50750); LOBO Operating, Inc. (15-70751); and LOBO Resources, Inc. (15-50752) are being jointly administered with Harvest Oil & Gas, LLC (15-50748) pursuant to a court order [-4] entered on June 19, 2015.

{00351231-2}

# GENERAL BACKGROUND

## A. Bankruptcy Proceedings

2. On June 18, 2015, the Debtors filed for relief under chapter 11 of the Bankruptcy Code. The Debtors are continuing to operate their businesses and manage their properties as debtors-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code. On June 19, 2015, the Court entered an order [P-4] that these chapter 11 cases be jointly administered and consolidated for procedural purposes.

3. On July 24, 2015, an official unsecured creditors committee (the "Unsecured Creditors Committee") was appointed by the United States Trustee [P-171]. On September 4, 2015, the Court entered an order [P-397] authorizing the employment of Lugenbuhl, Wheaton, Peck, Rankin & Hubbard as counsel for the Unsecured Creditors Committee.

4. On August 11, 2015, an official committee of equity holders ("Equity Committee") was appointed by the United States Trustee [P-290]. On October 6, 2015, the Court entered an order [P-508] authorizing the employment of Gardere Wynne Sewell LLP as counsel to the Equity Committee.

5. On August 3, 2015, the Debtors filed their schedules and statements of financial affairs. On August 17, 2015, the meeting of creditors pursuant to Section 341 was held and completed in Lafayette, Louisiana.

6. The Debtors have filed their monthly operating reports [P-216] and [P-357] on a timely basis and duly complied with all requests for information by the United States Trustee.

7. On August 24, 2015, this Court entered an order [P-338] ("Bar Date Order") approving the *Ex Parte Motion for an Order (A) Establishing a Bar Date Bar Date and Governmental Bar Date for Filing Proofs of Claim, (B) Approving the Bar Date Notice, (C)*

2

*Authorizing the Debtors to Provide Notice of the Bar Date, and (D) Providing for Other Relief Sought Herein* [P-320] and establishing a bar date of October 15, 2015 at 4:30 p.m. CDT and a governmental bar date of December 15, 2015 at 4:30 p.m. CDT.

**B. Debtors' Exclusive Period to File a Plan and Obtain Acceptances of a Plan**

8. Pursuant to Section 1121(d), the Debtors' exclusive right to file a plan of reorganization was originally October 16, 2015 and to obtain acceptances of a plan of reorganization was December 15, 2015.

9. On September 23, 2015, the Debtors filed a *Motion for an Order Extending the Time Periods Within Which the Debtors Have the Exclusive Right to File a Plan of Reorganization and to Obtain Acceptances for a Plan of Reorganization* [Dkt. #483] ("Exclusivity Motion"), requesting the Court extend the time within which the Debtors had the exclusive right to file a plan until December 15, 2015 and to obtain acceptances of a plan until February 15, 2016.

10. On September 21, 2015, the Equity Committee filed a *Motion of the Official Committee of Equity Security Holders to Terminate Exclusivity Period Under 11 U.S.C. §1121(d)* [Dkt. #473] ("Termination Motion"), requesting the Court terminate the Debtors' exclusive right to file a plan and obtain acceptances of a plan.

11. On October 13, 2015, the Court entered the *Stipulated Order Regarding (I) Motion of the Official Committee of Equity Security Holders to Terminate Exclusivity Period Under 11 U.S.C. §1121(d) and (II) Motion for an Order Extending the Time Periods Within Which the Debtors Have the Exclusive Right to File a Plan of Reorganization and to Obtain Acceptances for a Plan of Reorganization* [Dkt. #522] ("Equity Committee Stipulated Order"), pursuant to which the Equity Committee agreed not to object to the Debtors' request for an

extension of their exclusive periods to file a plan through December 15, 2015 and to obtain acceptances of a plan through February 15, 2016, subject to the Equity Committee's right to prosecute the Termination Motion as set forth in the Equity Committee Stipulated Order

12. On October 15, 2015, the Court entered the *Stipulated Order Regarding Motion for an Order Extending the Time Periods Within Which the Debtors Have the Exclusive Right to File a Plan of Reorganization and to Obtain Acceptances for a Plan of Reorganization [Dkt. #483]* [Dkt. #524], extending the Debtors' right to file a plan of reorganization through October 30, 2015, and the time period for obtaining acceptances of a plan of reorganization under Bankruptcy Code Section 1121(c)(3) through December 15, 2015, as stipulated to by the Unsecured Creditors Committee and Majority First Lien Noteholders.

13. On November 3, 2015, the Court entered an *Order Granting Motion for an Order Extending the Time Periods Within Which the Debtors Have the Exclusive Right to File a Plan of Reorganization and to Obtain Acceptances for a Plan of Reorganization* [Dkt. #558], extending the Debtors' right to file a plan of reorganization through November 9, 2015, and the time period for obtaining acceptances of a plan of reorganization sixty (60) days thereafter.

14. On November 19, 2015, the Court entered a *Second Order Regarding Motion for an Order Extending the Time Periods Within Which the Debtors Have the Exclusive Right to File a Plan of Reorganization and to Obtain Acceptances for a Plan of Reorganization* [Dkt. #576], extending the Debtors' right to file a plan of reorganization through November 20, 2015, and the time period for obtaining acceptances of a plan of reorganization through January 19, 2016.

15. On November 30, 2015, the Court entered a *Third Order Regarding Motion for an Order Extending the Time Periods Within Which the Debtors Have the Exclusive Right to File a Plan of Reorganization and to Obtain Acceptances for a Plan of Reorganization* [Dkt. #596],

extending the Debtors' right to file a plan of reorganization through December 4, 2015, and the time period for obtaining acceptances of a plan of reorganization through February 2, 2016.

16. On December 8, 2015, the Court entered a *Fourth Order Regarding Motion for an Order Extending the Time Periods Within Which the Debtors Have the Exclusive Right to File a Plan of Reorganization and to Obtain Acceptances for a Plan of Reorganization* [Dkt. #620], extending the Debtors' right to file a plan of reorganization through December 15, 2015, and the time period for obtaining acceptances of a plan of reorganization through February 15, 2016.

17. On December 1, 2015, the Debtors filed a *Second Motion for an Order Extending the Time Periods Within Which the Debtors Have the Exclusive Right to File a Plan of Reorganization and to Obtain Acceptances for a Plan of Reorganization* [Dkt. #598], requesting the Court extend the Debtors' right to file a plan of reorganization through February 15, 2016, and the time period for obtaining acceptances of a plan of reorganization through April 15, 2016.

18. On December 29, 2015, this Court entered *Order Granting Second Motion for an Order Extending the Time Periods Within Which the Debtors Have the Exclusive Right to File a Plan of Reorganization and to Obtain Acceptances for a Plan of Reorganization* [Dkt. #682], extending the Debtors' right to file a plan of reorganization through February 15, 2016, and the time period for obtaining acceptances of a plan of reorganization through April 15, 2016.

19. On February 16, 2016, the Debtors filed a *Third Motion for an Order Extending the Time Periods Within Which the Debtors Have the Exclusive Right to File a Plan of Reorganization and to Obtain Acceptances for a Plan of Reorganization* [Dkt. #748], requesting the Court extend the Debtors' right to file a plan of reorganization through March 16, 2016 and the time period for obtaining acceptances of a plan of reorganization through May 16, 2016. This motion is scheduled for hearing on March 15, 2016.

## C. Plan Negotiations

20. As this Court is aware, the Debtors were involved in extensive litigation with respect to the Debtors' use of cash collateral and corporate governance issues early in the case. On September 22, 2015, this Court entered the *Final Cash Collateral Order* [P-481], authorizing the Debtors' use of cash which may be cash collateral to pay their operating expenses and all costs of administration through October 30, 2015, which has subsequently been extended by agreement of the Debtors and the Majority First Lien Noteholders. As part of the approval of the Final Cash Collateral Order, this Court ruled that the Debtors' Independent Committee (the "IRC"), rather than senior management, is in charge of the Debtors' restructuring. In light of that ruling, the Independent Committee on behalf of the Debtors has been focusing its attention on negotiating a settlement. The IRC continues to be involved in ongoing settlement discussions with the Noteholders and the Unsecured Creditors Committee about an exit plan. Unfortunately, the IRC has been unable to forge an agreement with the Noteholders on an exit plan thus far, but is still trying to do so to avoid a dire outcome.[2] Moreover, the negotiations on an acceptable plan have been complicated - stymied really- because the Majority First Lien Noteholders have been attempting to sell their debt and equity positions to prospective plan participants, rather than negotiating the terms of a plan which they might support. With an additional thirty day period of exclusivity, the IRC hopes to achieve an agreement on the terms of a plan which is fair and reasonable (and confirmable) with the Majority First Lien Noteholders in the event they are unable to sell their position, or in the event that the Majority First Lien Noteholders transfer their

---

[2] The Noteholders (and the other second lien lenders) have a lien on all or substantially all of the assets of Saratoga. As a consequence, in view of the prevailing financial and legal circumstances, Saratoga cannot reorganize without the support of the Majority First Lien Noteholders. Even considering cuts in operating expenses by management, because of depressed commodity prices, it does not appear that Saratoga can continue indefinitely to pay its operating expenses in the ordinary course of business and also pay the ongoing bankruptcy-related administrative expenses of the estates from funds generated by the Debtors during the cases. Accordingly, there is considerable pressure to reach an agreement very soon on an exit strategy that will satisfy the minimum standards for confirmation set out in the Bankruptcy Code.

debt, with the purchaser of that debt. There is no assurance that such any agreement will be reached, but the IRC continues to talk in earnest with potential transaction partners and will certainly be willing to discuss an arrangement with any purchaser of the position of the Majority First Lien Noteholders, or with the Majority First Lien Noteholders if the debt is not sold. In any event, no party's rights with respect to a plan will be prejudiced by an additional extension of 30 days - no one has suggested that a plan can reasonably be proposed or confirmed in this case that does not have the consent (or acquiescence) of the Majority First Lien Noteholders (or their successor) and which also provides for the payment of administrative and priority claims - and the IRC would certainly entertain such a proposal that does so from any legitimate source. Moreover, the Equity Committee will continue to have the ongoing right to seek to terminate exclusivity on an expedited basis upon the Debtor's filing of a plan.

### **REQUEST FOR EXTENSION OF EXCLUSIVITY PERIODS**

21. Pursuant to Section 1121(d), the Debtors have the exclusive right to file a plan of reorganization until March 16, 2016, and the exclusive right to obtain acceptances of a plan of reorganization until May 16 15, 2016 (such periods, together with any extensions, the "Exclusivity Periods"). Pursuant to this Motion to Extend Exclusivity, the Debtors request an extension of the Exclusivity Periods for thirty (30) days, or until April 15, 2016 for filing a plan of reorganization, and June 15, 2016 to obtain acceptances of a plan of reorganization.

22. This Court, after notice and hearing, can increase Exclusivity Periods "for cause" pursuant to Section 1121(d) of the Bankruptcy Code. The Debtors respectfully show that "cause" exists for an extension of the Exclusivity Periods.

23. Although the Bankruptcy Code does not define "cause" justifying extensions of exclusivity, the legislative history indicates that the term "cause" in Section 1121(d) "is to be

7

{00351231-2}

15-50748 - #784   File 03/14/16   Enter 03/14/16 13:43:44   Main Document   Pg 7 of 9

viewed flexibly 'in order to allow the debtor to reach an agreement.'" *In re McLean Indus., Inc.*, 87 B.R. 830, 833 (Bankr. S.D.N.Y. 1987)(citing H.R. Rep. No. 595, 95th Cong., 2d Sess. 231, *reprinted in* 1978 U.S.C.C.A.N., 5693, 6190); *see also In re Public Service Co. of New Hampshire*, 88 B.R. 521, 534 (Bankr. D.N.H. 1988) (stating that Chapter 11 was drafted to "afford maximum flexibility to the parties in structuring a plan of reorganization"); *In re Amko*, 197 B.R. 74, 77 (S.D. Ohio 1996) (court applied flexibility in dealing with question of exclusivity while considering nature of business and progress made).

24. Cause exists here for extending the Exclusivity Periods and the Debtors respectfully move for entry of an order as requested.

25. The IRC hopes against hope that an agreement can be reached in the next 30 days prior to the IRC being forced to abandon its reorganization efforts because of administrative insolvency or the futility in continuing the negotiations.

**WHEREFORE,** the Debtors pray that, after notice and any hearing this Court deems necessary, that this Court enter an order extending the Debtors' exclusive right to file a plan of reorganization until April 15, 2016 and extending the Debtors' exclusive right to obtain acceptances of a plan of reorganization until June 15, 2016, subject to the Equity Committee's right to prosecute the Termination Motion as set forth in the Equity Committee Stipulated Order. The Debtors further pray for such other relief as the Court deems just and proper.

**[signature on next page]**

Dated: March 14, 2016.

Respectfully submitted,

*/s/ William H. Patrick, III*
William H. Patrick, III (La. Bar No. 10359)
Tristan E. Manthey, (La. Bar No. 24539)
Cherie Dessauer Nobles, (La. Bar No. 30476)
**Heller, Draper, Patrick, Horn & Dabney, L.L.C.**
650 Poydras Street, Suite 2500
New Orleans, Louisiana 70130-6175
Telephone: 504-299-3300 // Fax: 504-299-3399
**Co-Counsel for Debtors**

And

**KELLY HART & PITRE**

**Louis M. Phillips (#10505)**
**Peter A. Kopfinger (#20104)**
One American Place
301 Main Street, Suite 1600
Baton Rouge, LA 70801-1916
Telephone: (225) 381-9643
Facsimile: (225) 336-9763
Email: louis.phillips@kellyhart.com
Email: peter.kopfinger@kellyhart.com