UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| IN RE | : | CASE NO. 15-50748 |
| | : | |
| HARVEST OIL & GAS, LLC, *ET AL*[1] | : | CHAPTER 11 |
| | : | |
| DEBTORS. | : | JOINTLY ADMINISTERED |

**FIFTH MOTION FOR AN ORDER EXTENDING THE TIME PERIODS
WITHIN WHICH THE DEBTORS HAVE THE EXCLUSIVE
RIGHT TO FILE A PLAN OF REORGANIZATION AND TO OBTAIN
ACCEPTANCES OF A PLAN OF REORGANIZATION**

**NOW INTO COURT,** through undersigned counsel, come Harvest Oil and Gas, LLC, Saratoga Resources, Inc., The Harvest Group LLC, Lobo Operating, Inc. and Lobo Resources, Inc., as debtors and debtors-in-possession (collectively, the "Debtors" or "Company"), who respectfully move this Court for an extension of the exclusive periods in which a plan of reorganization may be filed and acceptances of a plan of reorganization may be obtained (the "Motion to Extend Exclusivity") pursuant to section 1121(d) of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). In support of the Motion to Extend Exclusivity, the Debtors aver:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

---

[1] Saratoga Resources, Inc. (15-50749); The Harvest Group LLC (15-50750); LOBO Operating, Inc. (15-70751); and LOBO Resources, Inc. (15-50752) are being jointly administered with Harvest Oil & Gas, LLC (15-50748) pursuant to a court order [-4] entered on June 19, 2015.

{00351701-2}

## GENERAL BACKGROUND

A. **Bankruptcy Proceedings**

2.     On June 18, 2015, the Debtors filed for relief under chapter 11 of the Bankruptcy Code. The Debtors are continuing to operate their businesses and manage their properties as debtors-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code. On June 19, 2015, the Court entered an order [P-4] that these chapter 11 cases be jointly administered and consolidated for procedural purposes.

3.     On July 24, 2015, an official unsecured creditors committee (the "Unsecured Creditors Committee") was appointed by the United States Trustee [P-171]. On September 4, 2015, the Court entered an order [P-397] authorizing the employment of Lugenbuhl, Wheaton, Peck, Rankin & Hubbard as counsel for the Unsecured Creditors Committee.

4.     On August 11, 2015, an official committee of equity holders ("Equity Committee") was appointed by the United States Trustee [P-290]. On October 6, 2015, the Court entered an order [P-508] authorizing the employment of Gardere Wynne Sewell LLP as counsel to the Equity Committee.

5.     On August 3, 2015, the Debtors filed their schedules and statements of financial affairs. On August 17, 2015, the meeting of creditors pursuant to Section 341 was held and completed in Lafayette, Louisiana.

6.     The Debtors have filed their monthly operating reports [P-264, P-357, 500, 553, 597, 692, 737, 758, and 820] on a timely basis and duly complied with all requests for information by the United States Trustee.

7.     On August 24, 2015, this Court entered an order [P-338] ("Bar Date Order") approving the *Ex Parte Motion for an Order (A) Establishing a Bar Date Bar Date and*

*Governmental Bar Date for Filing Proofs of Claim, (B) Approving the Bar Date Notice, (C) Authorizing the Debtors to Provide Notice of the Bar Date, and (D) Providing for Other Relief Sought Herein* [P-320] and establishing a bar date of October 15, 2015 at 4:30 p.m. CDT and a governmental bar date of December 15, 2015 at 4:30 p.m. CDT.

**B. Debtors' Exclusive Period to File a Plan and Obtain Acceptances of a Plan**

8. Pursuant to Section 1121(d), the Debtors' exclusive right to file a plan of reorganization was originally October 16, 2015 and to obtain acceptances of a plan of reorganization was December 15, 2015.

9. On September 23, 2015, the Debtors filed a *Motion for an Order Extending the Time Periods Within Which the Debtors Have the Exclusive Right to File a Plan of Reorganization and to Obtain Acceptances for a Plan of Reorganization* [Dkt. #483] ("Exclusivity Motion"), requesting the Court extend the time within which the Debtors had the exclusive right to file a plan until December 15, 2015 and to obtain acceptances of a plan until February 15, 2016.

10. On September 21, 2015, the Equity Committee filed a *Motion of the Official Committee of Equity Security Holders to Terminate Exclusivity Period Under 11 U.S.C. §1121(d)* [Dkt. #473] ("Termination Motion"), requesting the Court terminate the Debtors' exclusive right to file a plan and obtain acceptances of a plan.

11. On October 13, 2015, the Court entered the *Stipulated Order Regarding (I) Motion of the Official Committee of Equity Security Holders to Terminate Exclusivity Period Under 11 U.S.C. §1121(d) and (II) Motion for an Order Extending the Time Periods Within Which the Debtors Have the Exclusive Right to File a Plan of Reorganization and to Obtain Acceptances for a Plan of Reorganization* [Dkt. #522] ("Equity Committee Stipulated Order"),

pursuant to which the Equity Committee agreed not to object to the Debtors' request for an extension of their exclusive periods to file a plan through December 15, 2015 and to obtain acceptances of a plan through February 15, 2016, subject to the Equity Committee's right to prosecute the Termination Motion as set forth in the Equity Committee Stipulated Order.

12. Since then, the Court has entered a series of unopposed motions to continue the exclusivity periods.

13. Most recently, on March 14, 2016, the Debtors filed a *Fourth Motion for an Order Extending the Time Periods Within Which the Debtors Have the Exclusive Right to File a Plan of Reorganization and to Obtain Acceptances for a Plan of Reorganization* [Dkt. #784] ("Fourth Motion"), requesting the Court extend the Debtors' right to file a plan of reorganization through April 15, 2016 and the time period for obtaining acceptances of a plan of reorganization through June 15, 2016. After a hearing held on April 7, 2016, the Court granted the Fourth Motion. At the time of filing this Motion to Extend Exclusivity, the order has not yet been entered on the Fourth Motion.

C. **Proposed Sale of Debtors' Assets and Plan**

14. On April 1, 2016, the Debtors filed the *Motion of Debtors (1) to Sell Property of the Estates Free and Clear of All Liens, Claims, Encumbrances, and Interests Under 11 U.S.C. § 363; and (2) to Assign (or Assume and Assign to the Extent Necessary) Certain Leases and Executory Contracts Pursuant to 11 U.S.C. § 365* [P-827] ("Sale Motion"), seeking entry of orders: (1) authorizing the sale of all or substantially all of the Debtors' oil, gas and mineral assets (other than the Debtors' federal oil and gas leases and any other assets agreed to be excluded), including the oil and gas leases commonly known as Grand Bay, Breton Sound 18, Breton Sound 32, Breton Sound 51, Main Pass 25, Main Pass 46, Main Pass 47, Main Pass 52,

4

{00351701-2}

Vermillion 16, Crooked Bayou, Lake Fortuna, Little Bay and South Atchafalaya Bay and all equipment, records and other assets related thereto ("Subject Assets") to Energy Reserves Group II, LLC ("ERG II"), or if not ERG II, the Winning Bidder (defined in the Sale Motion) free and clear of all liabilities, liens, claims, encumbrances and interests other than the Carve-Out (defined in the Sale Motion) and any ad valorem taxes on the Subject Assets, (2) authorizing the assignment (or assumption and assignment to the extent necessary) to ERG II (or such Winning Bidder) of the leases and executory contracts. The hearing on the Sale Motion is currently scheduled for May 5, 2016 at 10:00 a.m.

15. The consideration for the sale of the Subject Assets is to be (i) a credit against the First Lien Debt held by ERG II in such amount as may be bid by ERG at the hearing on the Sale Motion, (ii) the assumption and payment of all ad valorem liabilities related to properties purchased through the sale, and (iii) payment of the unpaid fees and expenses incurred through the effective date of the sale of professionals of the Debtors' estates under the carve out.

16. As noted in previous pleadings, on the effective date of the sale of the Subject Assets, the Debtors will retain the cash on hand and the accounts receivable which will be used to fund a chapter 11 plan to be filed in accordance with a Term Sheet agreed to between the Unsecured Creditors Committee and the Debtors.

17. Assuming that the sale of the Subject Assets closes, with the cash on hand on the effective date of the sale and the receivables remaining after the payment of post-petition trade payables and the final payroll, the Debtors should be in a position to cover the unpaid professional fees (the vast bulk of professional fees due will be paid by ERG II under the carve out), make a small payment to convenience creditors, and seed a litigation trust for the benefit of the unsecured creditors pursuant to the plan to be filed proposed in the term sheet.

**REQUEST FOR EXTENSION OF EXCLUSIVITY PERIODS**

18. Pursuant to Section 1121(d), the Debtors have the exclusive right to file a plan of reorganization until April 15, 2016 and the exclusive right to obtain acceptances of a plan of reorganization until June 15, 2016 (such periods, together with any extensions, the "Exclusivity Periods"). Pursuant to this Motion to Extend Exclusivity, the Debtors request an extension of the Exclusivity Periods for filing a plan of reorganization through the date an order is entered on the Sale Motion, and to obtain acceptances of a plan of reorganization sixty (60) days thereafter.

19. This Court, after notice and hearing, can increase Exclusivity Periods "for cause" pursuant to Section 1121(d) of the Bankruptcy Code. The Debtors respectfully show that "cause" exists for an extension of the Exclusivity Periods.

20. Although the Bankruptcy Code does not define "cause" justifying extensions of exclusivity, the legislative history indicates that the term "cause" in Section 1121(d) "is to be viewed flexibly 'in order to allow the debtor to reach an agreement.'" *In re McLean Indus., Inc.*, 87 B.R. 830, 833 (Bankr. S.D.N.Y. 1987)(citing H.R. Rep. No. 595, 95th Cong., 2d Sess. 231, *reprinted in* 1978 U.S.C.C.A.N., 5693, 6190); *see also In re Public Service Co. of New Hampshire*, 88 B.R. 521, 534 (Bankr. D.N.H. 1988) (stating that Chapter 11 was drafted to "afford maximum flexibility to the parties in structuring a plan of reorganization"); *In re Amko*, 197 B.R. 74, 77 (S.D. Ohio 1996) (court applied flexibility in dealing with question of exclusivity while considering nature of business and progress made).

21. Cause exists here for extending the Exclusivity Periods and the Debtors respectfully move for entry of an order as requested.

22. The Debtors believe the Sale Motion will be approved and ERG II will close on the sale of the Subject Assets shortly after the order approving the Sale Motion is entered. After

paying the post-petition trade debt and final payroll, the Debtors and the Unsecured Creditors Committee will thereafter take care of confirming a plan with the remaining cash in the estates and the receivables on the books at the time of the sale. Upon information and belief, no opposition to this proposed extension of the exclusive periods is expected.

**WHEREFORE,** the Debtors pray that, after notice and any hearing this Court deems necessary, that this Court enter an order extending the Debtors' exclusive right to file a plan of reorganization through the date an order is entered on the Sale Motion and extending the Debtors' exclusive right to obtain acceptances of a plan of reorganization until sixty (60) days thereafter, subject to the Equity Committee's right to prosecute the Termination Motion as set forth in the Equity Committee Stipulated Order. The Debtors further pray for such other relief as the Court deems just and proper.

[signature on next page]

Dated: April 14, 2016.

Respectfully submitted,

*/s/ William H. Patrick, III*
William H. Patrick, III (La. Bar No. 10359)
Tristan E. Manthey, (La. Bar No. 24539)
Cherie Dessauer Nobles, (La. Bar No. 30476)
**Heller, Draper, Patrick, Horn & Dabney, L.L.C.**
650 Poydras Street, Suite 2500
New Orleans, Louisiana 70130-6175
Telephone: 504-299-3300 // Fax: 504-299-3399
**Co-Counsel for Debtors**

And


**KELLY HART & PITRE**

**Louis M. Phillips (#10505)**
**Peter A. Kopfinger (#20104)**
One American Place
301 Main Street, Suite 1600
Baton Rouge, LA 70801-1916
Telephone: (225) 381-9643
Facsimile: (225) 336-9763
Email: louis.phillips@kellyhart.com
Email: peter.kopfinger@kellyhart.com